IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 07-0663-KD-B |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the court on the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), and dated February 27, 2009 (doc. 21) and the defendant's objection (doc. 22). Accordingly, for the reasons set forth herein, it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **REVERSED** and **REMANDED** for further proceedings consistent with this order.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the recommendation to which objection is made, the Recommendation of the Magistrate Judge, is adopted, in part, as the opinion of this Court, to the extent that the Recommendation does not conflict with the following:

The Magistrate Judge recommends that this case be reversed and remanded in order for the Administrative Law Judge (ALJ) to consider and state the weight to be given to plaintiff's Veterans Administration (VA) disability rating. The undersigned disagrees. The record indicates that the ALJ reviewed and considered plaintiff's VA medical records including the findings of the orthopaedic surgeon to whom plaintiff was referred, in reaching his decision.

1

Although, the ALJ did not specifically mention, or state the weight given, to the VA disability rating, the ALJ did not commit reversible error by failing to do so.

A VA disability rating is normally entitled to great weight. See Kemp v. Astrue, 2009 WL 163019 (11th Cir. January 26, 2009) (slip opinion) (citing Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir.1981) ("A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight")).  In this case, the ALJ did not ignore the evidence underlying the VA rating but rather gave great weight to the opinion of the orthopaedic surgeon.  In fact, the ALJ agreed with the VA orthopaedic surgeon that plaintiff could tolerate a sedentary job.  Thus, the ALJ implicitly considered the VA disability rating.[1] See Kemp, 2009 WL 163019 at * 3 ("We have recognized, however, that the ALJ may implicitly make a determination.") (internal citations and quotations omitted); see also Pearson v. Astrue, 271 Fed.Appx. 979, 980 (11th Cir. 2008) (finding that the ALJ did not err in finding that Pearson did not qualify for benefits even though he received a total disability rating by the VA); see generally Moncrief v. Astrue, 300 Fed.Appx. 879, 881 (11th Cir. 2008) ("The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. However, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a

---

[1] The Veterans Administration assigned a 10% disability rating for positional paresthesia of the right shoulder, a 20% disability rating for status post injury to the right knee, a 20% disability rating for internal derangement of the left knee, and a 20% disability rating for mechanical low back pain, for a total disability rating of 70% (Tr. 88-93).

whole.") (internal citations and quotations omitted).  Since the ALJ reviewed and discussed plaintiff's VA medical records, he did not broadly reject those records in such a manner as to preclude a determination as to whether the ALJ considered plaintiff's medical conditions as a whole in reaching his determination that plaintiff was capable of sedentary work.

However, the undersigned finds that this action is still due to be reversed and remanded for further consideration.  Plaintiff also argued that the ALJ committed reversible error by failing to assign controlling weight to the opinion of the consulting psychologist, Dr. Joseph G. Law, Jr., Ph.D., to whom plaintiff was referred by the Veterans Administration.  The ALJ stated that he did "not give controlling weight" to Dr. Law's report "because it is dated after the claimant's insured status for Title II benefits expired." (Tr. 21).  Plaintiff's insured status ended September 30, 2004.

Dr. Law's Report of Evaluation/Assessment indicates that plaintiff was examined on June 13, 2005 (Tr. 213).  However, Dr. Law also completed a Mental Residual Functional Capacity Questionnaire wherein he stated that plaintiff had marked to moderate limitations in his ability to function. (Tr. 221-222).[2]  In response to the question as to what was "the earliest date that the description of symptoms and limitations in this questionnaire applies?", Dr. Law answered: "At least a year before evaluation on June 17, 2005." (Tr. 222).  Thus, Dr. Law opined that plaintiff had marked and moderate mental limitations at least from June 17, 2004, which

---

[2] In the questionnaire, a "Moderate" impairment is defined as an "impairment which affects but does not preclude ability to function independently, appropriately, effectively and on a sustained basis", and a "Marked" impairment is defined as an "impairment which seriously affects ability to function independently, appropriately, effectively and on a sustained basis; 'marked' is more than 'moderate' but less than 'extreme'". (Tr. 221).  Six of nine areas of function were assessed as "Marked" and the remaining three were assessed as "Moderate". (Tr. 221-222).

3

precedes plaintiff's date last insured of September 30, 2004.  Dr. Law also stated that plaintiff's limitations could be expected to last for twelve months or longer.

The court finds that Dr. Law's report constitutes relevant evidence of plaintiff's mental abilities prior to the expiration of his insured status.  On remand, the ALJ should consider Dr. Law's evaluation in its opinion of plaintiff's ability to perform sedentary work.  Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **REVERSED** and **REMANDED** for further proceedings consistent with this order.

DONE this March 16, 2009.

 s / Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**